ATTORNEY'S NAME: Hardin, Allain F 06538
AND ADDRESS: 814 Howard Ave , New Orleans, LA 70113

2/25/19
10:15 AM.

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-01769  DIVISION: D  SECTION: 12

ROBERT J. CALUDA, APLC ET AL

Versus

THE CITY OF NEW ORLEANS ET AL

### CITATION

TO: UNITED GOVERNMENTAL SERVICES OF LOUISIANA, INC.
THROUGH: ITS AGENT FOR SERVICE OF PROCESS, JOHN D. WERNER
201 ST. CHARLES AVENUE - 46TH FLOOR, NEW ORLEANS, LA 70170

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

PETITION FOR RESCISSION AND RETURN OF UNCONSTITUTIONALLY ASSESSED AND PAID AD VALOREM PROPERTY TAX PENALTIES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\*

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA February 16, 2019**

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by
Ashley Turner, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this ___ day of _____ served a copy of the within PETITION FOR RESCISSION AND RETURN OF UNCONSTITUTIONALLY ASSESSED AND PAID AD VALOREM PROPERTY TAX PENALTIES ON UNITED GOVERNMENTAL SERVICES OF LOUISIANA, INC. THROUGH: ITS AGENT FOR SERVICE OF PROCESS, JOHN D. WERNER | On this ___ day of _____ served a copy of the within PETITION FOR RESCISSION AND RETURN OF UNCONSTITUTIONALLY ASSESSED AND PAID AD VALOREM PROPERTY TAX PENALTIES ON UNITED GOVERNMENTAL SERVICES OF LOUISIANA, INC. THROUGH: ITS AGENT FOR SERVICE OF PROCESS, JOHN D. WERNER |
| Returned the same day No. _____ Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / PAPER  RETURN / SERIAL NO.  DEPUTY  PARISH | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said UNITED GOVERNMENTAL SERVICES OF LOUISIANA, INC. being absent from the domicile at time of said service. Returned the same day No. _____ Deputy Sheriff of _____ |

EXHIBIT A

ID: 10133040  Page 1 of 1



FILED

2019 FEB 15 P 1:56

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

CIVIL DISTRICT COURT

STATE OF LOUISIANA

NO. 2019-01769　　　　　　　　　　　　　　　　　　DIVISION " "

D-12

ROBERT J. CALUDA, APLC and
NEW ORLEANS PRIVATE PATROL SERVICE, INC.

versus

THE CITY OF NEW ORLEANS, LINEBARGER GOGGAN, BLAIR & SAMPSON,
L.L.P. and UNITED GOVERNMENTAL SERVICES OF LOUISIANA, INC.

FILED:_____　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　DEPUTY CLERK

## CLASS ACTION PETITION FOR RESCISSION AND RETURN OF UNCONSTITUTIONALLY ASSESSED AND PAID *AD VALOREM* PROPERTY TAX PENALTIES

The petition of **Robert J. Caluda, APLC**, a Louisiana legal corporation and/or **Robert J. Caluda, individually**, and **New Orleans Private Patrol Service, Inc. n/k/a Gurvich Corporation**, a Louisiana corporation, with respect represent:

I.

Made defendants herein are the following:

1) **The City of New Orleans ("City" or "CNO")**, a municipal entity, created and authorized to be sued under the Constitution of the State of Louisiana;

2) **Linebarger, Goggan, Blair & Sampson, L.L.P. f/k/a Heard, Linebarger, Graham, Goggan, Blair, Pena & Sampson, L.L.P. ("Linebarger")**, a foreign limited liability partnership, authorized to do and doing business in this Parish and State; and

3) **United Governmental Services of Louisiana, Inc. ("UGSL")**, a Louisiana corporation with its principal place of business and registered office in the Parish of Orleans, State of Louisiana.

II.

The aforementioned defendants are liable jointly, severally, and in solido unto petitioners, and to the proposed class, for the following, to-wit:

III.

That **New Orleans Private Patrol, Inc. and Robert J. Caluda, APLC or Robert J. Caluda, individually**, were assessed unconstitutional late payment and collection penalties by the

City for the late payment of <u>business</u> personal *ad valorem* property taxes to the City of New Orleans. The penalties were imposed, assessed and erroneously paid pursuant to City of New Orleans Ordinance No. 18637, which imposed a 3% late payment penalty and a 30% collection penalty. The collection penalty was then paid over to the defendants, UGSL and Linebarger.

IV.

The penalties assessed and required payment procedure imposed pursuant to Ordinance Nos. 18637 and 020556, respectively, are in violation of the Constitution of the State of Louisiana, Art. VII. §25 "TAX SALES"; as well as other provisions of the Louisiana Constitution including, but not limited to Arts. I. §2 (DUE PROCESS AND EQUAL PROTECTION), §5 (RIGHT TO PROPERTY), §19 (RIGHT TO JUDICIAL REVIEW) and §22 (ACCESS TO COURTS). The penalties, collection charges and payment procedures are an unlawful governmental deprivation of property, in violation of the 14th Amendment of the Constitution of the United States.

V.

Petitioners herein seek return of all sums erroneously paid and other damages, including interest on all improperly assessed penalties and debt collection charges/penalties..

VI.

On information and belief, the defendants, UGSL and the Linebarger law firm, were parties to a Contract with defendant, City of New Orleans, which resulted in the City paying over to these defendants unconstitutionally assessed and paid collection penalties. The Linebarger firm and UGSL entered into a separate Contract through which there was a sharing of the unconstitutionally obtained collection penalty charges. These defendants, acting as debt collectors for the City of New Orleans, breached the duties of debt collectors and improperly obtained sums in the form of penalties derived from the plaintiffs and those similarly situated. Pursuant to laws of Louisiana, including LSA-R.S. 9:3581 et seq. and applicable federal statutes, in force at the time, defendants were required to register as debt collectors with the State and meet other State and federal obligations. They did not. In such a situation petitioners and those similarly situated are entitled to assert a claim directly against LINEBARGER and UGSL for return of any and all sums obtained through payment by

petitioners and others to the City because defendants were not entitled to or authorized by law to engage in collection activities.

VII.

That Ordinance No. 18637 assessed an automatic collection penalty, irrespective of any collection efforts on the part of UGSL and Linebarger is in violation of the public policies of this State.

VIII.

That Linebarger and UGSL acted intentionally, knowingly, and in concert in depriving plaintiffs of funds by devices and actions that the defendants knew or should have known were unethical and/or illegal, and were not valid because defendants performed little or no work to obtain those sums and that any work performed was minimal in relation to the huge sums paid to these defendants. Thus, petitioners and those similarly situated are entitled to and have a direct claim against Linebarger and UGSL for return of any and all sums obtained through payment by petitioners and others sought to be represented herein.

IX.

Petitioners further assert that the State of Louisiana and the City of New Orleans' payment under protest provisions to challenge invalid taxes and/or penalties, particularly LSA-R.S. 47:2110 and 47:2134 and City Code §150-4, are likewise unconstitutional under the Constitutions of the United States and State of Louisiana, including, but not limited to, those provisions applicable to due process and the taking of property. The Courts of Louisiana have further misapplied and misinterpreted United States Supreme Court case law, *McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 44-45 110 S. Ct. 2238, 2254; 110 L. Ed. 2nd 17 (1990)* and its progeny. The jurisprudence was never intended to apply to unconstitutionally imposed taxes and/or penalties and was never intended to cover or encompass private non governmental debt collectors and/or attorneys who are paid through designated and direct assessments on tax payers. The post-deprivation relief for a refund as mentioned in *McKesson* was never meant to cover the situation as exists in the present case.

X.

That UGSL and Linebarger as non governmental entities are not entitled to the protections of any requirement applicable to governmental entities for payment of taxes and/or penalties under protest and to filing suit in 30 days.

XI.

Petitioners respectfully submit that they are entitled to have this cause maintained as a class action pursuant to LSA-C.C.P. Article 591 et seq. for the following reasons:

a) The class of persons impacted by the actions of the defendants is so numerous that joinder of all members is impracticable;

b) There are questions of law and/or fact common to all members of the class;

c) The claims of the representative plaintiff are typical of the claims of all members of the class;

d) The representative party is in a position to fairly and adequately protect the interests of the class;

e) The class may be defined objectively in terms of ascertainable criteria, such that this Honorable Court may determine the constituency of the class in such a way that any judgment rendered will be conclusive as to all members of the class and the defendant;

f) That if this action was prosecuted in separate actions by individual members of the class it would create the risk of inconsistent and varying adjudications with respect to individual members of the class which would establish inconsistent and/or incompatible standards of conduct for the defendants opposing the class;

g) That the adjudication of separate claims for individual class members would as a practical matter adversely impact and be dispositive of the interests of the other potential members of the class and substantially impair or impede their ability to protect their interests;

h) The defendant has acted in such a way that it impacts the entire class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole;

i) The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and accordingly a class action is a superior method of litigation over any other methods for the fair and efficient adjudication of this action. The matters pertinent to this include:

1) Individual claimants are not in a position to effectively prosecute individual actions and likely do not have the resources nor the interest in maintaining or controlling separate actions;

2) That it is desirable to concentrate the litigation in this particular forum where

4

the events have occurred and where virtually all of the witnesses, class members and properties impacted are located;

3) That the class action is a superior vehicle as far as management of the claims are concerned given the numbers of potential claimants;

4) That the plaintiff herein has the desire and ability to represent the interests of other class members similarly situated;

5) That the relief sought herein on behalf of the class vindicates public policies and legal rights of the individual citizens impacted by the actions of the defendant and justifies any costs and burdens of the class litigation. In the alternative, individual suits would be an onerous burden on the court and the defendant;

6) That a class action would serve to protect the interests of unnamed class members, who may not be afforded protection or relief if the procedural vehicle of a class action was denied; and

7) The class action avoids the potential of inconsistent and contradictory judgments for persons in the same or similar situations.

XII.

Petitioners further aver that the claims asserted herein were excluded from the Class Action entitled "A. Remy Fransen, Jr. and Allain F. Hardin vs. The City of New Orleans", Civil Action No. 2002-5170 in the Civil District Court for the Parish of Orleans. LSA-CCP Art. 596(A)(2).

**WHEREFORE**, petitioners pray that this petition be deemed good and sufficient and that the defendants be duly cited to appear and answer same and that after all legal delays and due proceedings are had that there be judgment rendered herein in favor of petitioners, **Robert J. Caluda, APLC, individually** and **New Orleans Private Patrol Service, Inc. (Gurvich Corporation)** and and on behalf of all class members similarly situated, over and against the defendants, **The City of New Orleans, Linebarger, Goggan, Blair & Sampson, LLP** (previously known as Heard, Linebarger, Graham, Goggan, Blair, Pena & Sampson, LLP) and **United Governmental Services of Louisiana, Inc.**, jointly, severally and in solido or as their liability may be determined in these proceedings, for any and all amounts due and owing petitioners, including return of penalties unconstitutionally assessed and paid, along with legal interest, for all sums illegally, improperly and erroneously collected.

Petitioners further pray that this matter be certified as a class action and petitioners be allowed to proceed as class representatives on behalf of all persons and entities who paid the illegal

penalties to the City of New Orleans and/or Linebarger and UGSL.

Respectfully submitted,

FRANSEN & HARDIN, A.P.L.C.
807 Howard Avenue
New Orleans, LA  70113
(504) 522-1188

By: _____
Allain F. Hardin (#6538)

PLEASE SERVE:

1) The City of New Orleans     (along with attached Request for Production of Documents)
   Through New Orleans City Attorney
   Sunni J. LeBeouf
   City of New Orleans
   Law Department
   1300 Perdido Street, 5th Floor - Room 5E03
   New Orleans, LA  70112

2) Linebarger, Goggan, Blair & Sampson, L.L.P.
   Through their Agent for Service of Process
   C T CORPORATION SYSTEM
   3867 Plaza Tower Drive
   Baton Rouge, LA  70816

3) United Governmental Services of Louisiana, Inc.
   Through its Agent for Service of Process
   John D. Werner
   201 St. Charles Avenue - 46th Floor
   New Orleans, LA  70170

4) Jeffrey Landry
   Attorney General
   Louisiana Department of Justice
   State Capitol Building – 22nd Floor
   Baton Rouge, LA  70802

A TRUE COPY
DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

