| | |
|---|---|
| **ROBERT J. CALUDA, APLC, ET AL.,** | **CIVIL ACTION** |
| **Plaintiffs** | |
| **VERSUS** | **NO. 19-2497** |
| **CITY OF NEW ORLEANS, ET AL.,** | **SECTION: "E" (2)** |
| **Defendants** | |

## ORDER AND REASONS

Before the Court are (1) a motion to sever and remand, filed by Defendant the City of New Orleans ("the City"),[1] and (2) a motion to remand, filed by Plaintiffs[2] Robert J. Caluda, APLC, and Robert J. Caluda and New Orleans Private Patrol Services, Inc. n/k/a Gurvich Corporation ("Plaintiffs").[3] Defendants Linebarger, Goggan, Blair & Sampson, L.L.P. ("Linebarger") and United Governmental Services of Louisiana, Inc. ("UGSL") oppose.[4]

## BACKGROUND

This case relates to *ad valorem* tax penalties on business personal taxes. Plaintiffs are taxpayers who paid business personal *ad valorem* tax penalties[5] under an ordinance first imposed by the City in 1998.[6] The ordinance imposed an initial 3% penalty on the day of delinquency (February 1) and added a 30% penalty if the tax was unpaid by April 1. If the tax remained unpaid after April 1, the City referred the debt to a collection

---

[1] R. Doc. 15.
[2] In different motions, Plaintiffs refer to themselves alternatively as "Robert J. Caluda, APLC, *and/or Robert J. Caluda, individually*, and New Orleans Private Patrol Service, Inc. n/k/a Gurvich Corporation" and "Robert J. Caluda, APLC, *and Robert J. Caluda* and New Orleans Private Patrol Service, Inc. n/k/a Gurvich Corporation," R. Doc. 1-1 at 3; R. Doc. 34 at 1 (emphasis added).
[3] R. Doc. 17.
[4] R. Doc. 20.
[5] R. Doc. 36-1
[6] NEW ORLEANS, LA., CITY CODE, § 150-46 (1998).

agency.[7] In order to challenge the penalties, taxpayers were required to file payment under protest by June 1 of the year the penalties were imposed.[8] However, because of a drafting error that included no prescriptive period in the ordinance amended on April 17, 2000, the payment-under-protest requirement did not apply from April 17, 2000 through March 5, 2002.[9]

Delinquent taxpayers filed a class action suit against the City, Linebarger, and UGSL in the Civil District Court for the Parish of Orleans on April 1, 2002.[10] That suit led to the Louisiana Supreme Court declaring unconstitutional the tax penalties the ordinance imposed.[11] The class action is still ongoing.[12] On January 18, 2019, the state trial court issued a judgment certifying a class of those who paid real estate *ad valorem* taxes from April 17, 2000 through March 5, 2002.[13] The class does not include Plaintiffs in this case because it is defined as those who paid real estate (immovable) *ad valorem* taxes and does not include those who paid business personal (movable) property taxes. On May 8, 2019, the Louisiana Court of Appeal for the Fourth Circuit denied a writ seeking review of the judgment defining the class.[14]

On February 15, 2019, while the writ application was pending, Plaintiffs filed the instant putative class action petition against the City, Linebarger and UGSL in the Civil District Court for the Parish of Orleans.[15] As to Linebarger and UGSL, Plaintiffs bring suit

---

[7] R. Doc. 36-1 at 1.
[8] *Id.* at 5.
[9] R. Doc. 21-6 at 4.
[10] *Fransen v. City of New Orleans*, No. 2002-5170 (Civ. Dist. Ct. filed Apr. 1, 2002). Plaintiffs attach the petition to the instant motion. R. Doc. 17-2.
[11] *Fransen v. City of New Orleans*, 2008-0076 (La. 7/1/08), 988 So. 2d 225, 242–43.
[12] R. Doc. 20.
[13] R. Doc. 21-6.
[14] R. Doc. 36-4.
[15] *Caluda v. City of New Orleans*, No. 2019-1769 (Civ. Dist. Ct. filed Feb. 15, 2019); R. Doc. 1-1 at 3.

pursuant to "LSA-R.S. 9:3581 *et seq.*" and "applicable federal statutes."[16] Plaintiffs allege Linebarger and UGSL acted as debt collectors for the City, but did not register as debt collectors. Plaintiffs argue Linebarger and UGSL were not authorized by law to collect the tax penalties.[17] Plaintiffs claim Linebarger and UGSL "acted intentionally, knowingly and in concert in depriving plaintiffs of funds by devices and actions that the defendants knew or should have known were unethical and/or illegal, and were not valid because defendants performed little or no work to obtain those sums[]."[18] Plaintiffs' claim against the City is based on the payment-under-protest provisions, "particularly LSA-R.S. 47:2110 and 47:2134 and City Code §150-4," which Plaintiffs claim "are likewise unconstitutional under the Constitutions of the United States and Louisiana, including, but not limited to, those provisions applicable to due process and the taking of property."[19] Plaintiffs seek certification of a class defined as anyone who paid business personal *ad valorem* tax penalties to the City during the applicable time period.[20]

On March 19, 2019, Defendants Linebarger and UGSL removed this matter to this Court under 28 U.S.C. §§ 1441 and 1453.[21] Linebarger and UGSL invoke this Court's jurisdiction under 28 U.S.C. § 1331, which governs federal question jurisdiction, and 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").[22] Furthermore, they allege this Court has supplemental jurisdiction over Plaintiffs' state law claims against them under 28 U.S.C. § 1367(a).[23]

---

[16] R. Doc. 1-1 at 4, ¶ VI.
[17] *Id.*
[18] *Id.* at ¶ VIII.
[19] *Id.* at ¶ IX.
[20] *Id.* at 7–8, ¶ XII.
[21] R. Doc. 1 at 2, ¶ 4.
[22] *Id.* at 2, ¶ 5.
[23] *Id.* at 4, ¶ 16.

On April 10, 2019, the City filed a motion to sever Plaintiff's claims against the City from Plaintiff's claims against Linebarger and UGSL and to remand to state court only the claims against the City.[24] It argues the Court does not have jurisdiction over these claims under 28 U.S.C. § 1341, the Tax Injunction Act.[25]

On April 16, 2019, Plaintiffs filed a motion to remand the entire case to state court.[26] The motion cites several exceptions that would make CAFA inapplicable and also argues the Tax Injunction Act precludes this Court from exercising jurisdiction over the claims against the City.[27]

On April 23, 2019, Defendants Linebarger and UGSL filed their opposition and response to the instant motions.[28] Linebarger and UGSL do not oppose the City's request to sever and remand the claims against the City, so long as the claims against them are not remanded. They argue Plaintiffs have not proved any of the CAFA exceptions apply. Linebarger and UGSL also argue the Tax Injunction Act does not require this Court to remand claims against them.

## **LAW AND ANALYSIS**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[29] "Jurisdictional facts are determined at the time of removal, not by subsequent events."[30]

---

[24] R. Doc. 15.
[25] R. Doc. 15-1 at 3.
[26] R. Doc. 17.
[27] R. Doc. 17-1 at 3–6.
[28] R. Doc. 20.
[29] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[30] *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir.2014).

## I. Under 28 U.S.C. § 1441(c), the Court must sever and remand Plaintiffs' claims against the City.

Plaintiffs request this entire action be remanded to state court.[31] The City, Linebarger, and UGSL argue the claims against Linebarger and UGSL may remain in federal court, while the claims against the City must be remanded.[32] 28 U.S.C. § 1441(c) provides for the result requested by Linebarger and UGSL under certain circumstances.[33] Section 1441(c) provides:

> (1) If a civil action includes—
>   (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>   (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).[34]

The Court first addresses whether the instant action includes a claim arising under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331. The Court then turns to whether the action includes a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute. If both of these requirements are met, any claim that is not within the original or

---

[31] R. Doc. 17.
[32] R. Doc. 15, R. Doc. 20 at 12.
[33] In contrast, a remand under 28 U.S.C. § 1447 is a remand of the entire action.
[34] 28 U.S.C. § 1441(c).

supplemental jurisdiction of the Court or that has been made nonremovable by statute must be remanded.

### A. Plaintiffs' claims against Linebarger and UGSL are within the Court's jurisdiction under 28 U.S.C. § 1331.

In order for this Court to have original jurisdiction under 28 U.S.C. § 1331, a civil action must include a claim that arises under the Constitution, laws, or treaties of the United States.[35] The "well-pleaded complaint" standard determines whether a claim arises under federal law.[36] A suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."[37] Courts evaluate the appropriateness of removal by looking at the complaint at the time the notice of removal is filed.[38]

Plaintiffs bring a claim against Linebarger and UGSL seeking money Plaintiffs paid to the City, and the City subsequently paid to Linebarger and UGSL.[39] Plaintiffs argue Linebarger and UGSL were not authorized by law to engage in collection activities because they did not register as debt collectors with the state.[40] Plaintiffs bring this claim against Linebarger and UGSL under LSA-R.S. § 9:3581 *et seq.* and "applicable federal statutes" existing at the time.[41]

---

[35] 28 U.S.C. § 1331.

[36] *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

[37] *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[38] *Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) (citation omitted).

[39] R. Doc. 1-1 at 4–5, ¶ VI.

[40] *Id.* at 2, ¶ VI.

[41] *Id.* The Court notes LA. REV. STAT. § 9:3581 *et seq.* is part of the Louisiana Equal Credit Opportunity Law, which governs discrimination in loans or credit extensions and does not apply to this case. In their opposition to a Motion to Dismiss in this matter, Plaintiffs clarify that they intended to cite LA. REV. STAT. § 9:3576 *et seq.*, as it existed during the relevant time period, as the applicable statute. R. Doc. 21 at 5.

In order to invoke federal question jurisdiction, a plaintiff need not reference the exact statute or legal theory under which he or she brings the claim.[42] Factual allegations alone may be sufficient to bring the claim within the jurisdiction of the federal courts, if facts in the complaint clearly show the Plaintiffs allege a cause of action under federal law.[43] Moreover, the federal cause of action need not be one on which the plaintiffs may recover.[44] A determination that there is no proper cause of action is a judgment on the merits that cannot be issued until jurisdiction is deemed proper.[45]

In this case, Plaintiffs unambiguously bring a claim under "applicable federal statutes."[46] The facts in the petition show Plaintiffs bring a claim against Linebarger and UGSL under the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from using "unfair or unconscionable means" to collect payment from debtors.[47] As a result, Plaintiffs bring a claim arising under federal law for purposes of § 1331.

Two exceptions may lead to a dismissal for lack of jurisdiction, even if the facts show a federal cause of action has been alleged.[48] First, jurisdiction may be found improper if the claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction."[49] This exception does not apply because Plaintiffs filed their petition in state court, did not seek to obtain federal jurisdiction, and in fact oppose

---

[42] *Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 854 (5th Cir. 2018) (unpublished).
[43] *Id.* at 853–54.
[44] *Bell v. Hood*, 327 U.S. 678, 682 (1946).
[45] *Id.*
[46] *Id.* The Court notes LA. REV. STAT. § 9:3581 *et seq.* is part of the Louisiana Equal Credit Opportunity Law, which governs discrimination in loans or credit extensions and does not apply to this case. In their opposition to a Motion to Dismiss in this matter, Plaintiffs clarify that they intended to cite LA. REV. STAT. § 9:3576 *et seq.*, as it existed during the relevant time period, as the applicable statute. R. Doc. 21 at 5.
[47] 15 U.S.C. § 1692(f).
[48] *Bell v. Hood*, 327 U.S. at 682–83.
[49] *Id.* at 682.

federal jurisdiction over this matter.[50] Second, jurisdiction may be found improper if the claim "is wholly insubstantial and frivolous."[51] A federal question is wholly insubstantial or frivolous "either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of the Supreme Court as to foreclose the subject."[52] "The test for dismissal is a rigorous one and if there is any foundation of plausibility to the claim federal jurisdiction exists."[53] The Court finds Plaintiffs' federal claim is not obviously without merit or so unsound as to deprive this Court of federal question jurisdiction. As a result, the Court finds Plaintiffs' claims against Linebarger and UGSL arises under federal law for purposes of 28 U.S.C. §§ 1331 and 1441(c)(1)(A).

> **B. Because the Tax Injunction Act precludes this Court from exercising jurisdiction over the claims against the City, those claims are not within the original or supplemental jurisdiction of the district court.**

The Tax Injunction Act provides "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."[54] It was enacted in order to "confine federal court intervention in state government."[55] In determining whether the Tax Injunction Act precludes federal jurisdiction, courts in the Fifth Circuit apply the following two-part analysis:

> [First, the court] must decide whether the law in question imposes a tax or merely a regulatory fee. Only if the law imposes a tax does the act preclude a federal district court from exercising jurisdiction. Second, even if the law imposes

---

[50] Plaintiffs move to remand this case to state court. R. Doc. 17.
[51] *Id.* at 682–83.
[52] *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (internal brackets omitted).
[53] *Holy Cross Coll., Inc. v. Louisiana High Sch. Athletic Ass'n*, 632 F.2d 1287, 1289 (5th Cir. 1980) (citing *Hilgeman v. Nat'l Ins. Co. of Am.*, 547 F.2d 298, 300 n.1 (5th Cir. 1977)).
[54] 28 U.S.C. § 1341.
[55] *Ark. v. Farm Credit Servs. of Central Ark.*, 520 U.S. 821, 826–27 (1997).

a tax for purposes of the Tax Injunction Act, a district court may decline to exercise jurisdiction only if the state court is equipped to furnish the plaintiffs with a plain, speedy, and efficient remedy.[56]

With respect to the first prong, whether the law is a tax or a fee, the Fifth Circuit has the distinction as follows:

[T]he classic tax sustains the essential flow of revenue to the government, while the classic fee is linked to some regulatory scheme. The classic tax is imposed by a state or municipal legislature, while the classic fee is imposed by an agency upon those it regulates. The classic tax is designed to provide a benefit for the entire community, while the classic fee is designed to raise money to help defray an agency's regulatory expenses.[57]

In *Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP* ("*Washington I*"), the plaintiffs filed a putative class action challenging the constitutionality of the 30 percent collection penalty at issue in this case.[58] The Fifth Circuit held the penalty is a tax, not a fee because the penalty was "inexorably tied to the tax collection itself, which 'sustains the essential flow of revenue to the government.'"[59] Under *Washington I*, the business personal *ad valorem* tax penalties at issue in this case are a tax, not a fee, for purposes of the Tax Injunction Act.

Because the penalty is a tax, the Court turns to the second prong and addresses whether Louisiana courts "furnish the plaintiffs with a plain, speedy, and efficient remedy."[60] In *Washington I*, the Fifth Circuit held the payment-under-protest provision at issue in the instant case is an adequate remedy available to the plaintiffs in state court.[61]

---

[56] *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citations omitted).
[57] *Id.* at 1011.
[58] 338 F.3d 442, 443 (5th Cir. 2003).
[59] *Id.* at 444.
[60] *Home Builders*, 143 F.3d at 1010 (5th Cir. 1998).
[61] *Washington I*, 338 F.3d at 445.

As a result, the Fifth Circuit affirmed the district court's dismissal for lack of jurisdiction.[62]

In 2008, five years after *Washington I*, the Louisiana Supreme Court declared the penalty violated of the Louisiana Constitution in *Fransen*.[63] In 2011, the Fifth Circuit decided *Washington v. City of New Orleans* ("*Washington II*"), explaining that the existence of the *Fransen* case confirmed the Louisiana state courts offer a plain, speedy and efficient remedy for plaintiffs challenging the tax at issue.[64] The Fifth Circuit affirmed the dismissal by the district court for lack of jurisdiction based on the Tax Injunction Act.[65] *Washington I* and *Washington II* involved the same payment-under-protest provision at issue in this case. Under those cases, this Court holds the Louisiana state courts offer a plan, speedy, and efficient remedy for Plaintiffs. As a result, under the Tax Injunction Act, the Court does not have jurisdiction over Plaintiffs' claims against the City.

Plaintiffs argue the payment-under-protest provision of the ordinance at issue violates their due process rights and their right to be free from unconstitutional takings under the United States Constitution and the Louisiana Constitution and, as a result, this Court has federal question jurisdiction.[66] Asserting a federal constitutional violation does not overcome the jurisdictional bar created by the Tax Injunction Act, so long as the state courts offer an adequate remedy.[67] Taxpayers challenging a state tax must bring their claims in state court and seek review of claims of unconstitutionality under the United States Constitution by writ to the United States Supreme Court.[68]

---

[62] *Id.*
[63] 988 So. 2d 225.
[64] 424 F. App'x 307, 310–11 (5th Cir. 2011).
[65] *Id.* at 311.
[66] R. Doc. 1-1 at 5, ¶ IX.
[67] *Bland v. McHann*, 463 F.2d 21, 27 (5th Cir. 1972).
[68] *Id.* at 24.

In this case, the Tax Injunction Act precludes this Court from exercising jurisdiction over claims against the City. As a result, Plaintiff's claims against the City are not within the original or supplemental jurisdiction of this Court for purposes of § 1441(c)(1)(B).[69]

The Court has found (1) Plaintiffs' federal claim against Linebarger and UGSL arises under federal law for purposes of § 1441(c)(1)(A) and (2) Plaintiffs' claims against the City are not within the original or supplemental jurisdiction of the district court under § 1441(c)(1)(B). Because the action would be removable without the inclusion of the claims against the City, the entire action was properly removed under § 1441(c)(1).[70] Pursuant to § 1441(c)(2), the Court must sever the claims against the City and remand those claims to state court.[71] The Court retains jurisdiction over the remaining claims because Plaintiffs' federal claim against Linebarger and UGSL fall within the Court's federal question jurisdiction under § 1331, and the state law claims fall within the Court's supplemental jurisdiction because they form part of the same case or controversy.[72]

II.    **CAFA vests the Court with jurisdiction over Plaintiffs' claims against Linbarger and UGSL.**

---

[69] Because the Court finds Plaintiffs' claims against the City are "not within the original or supplemental jurisdiction of the district court" under 28 U.S.C. § 1441(c)(1)(B), the Court need not address whether they have "been made nonremovable by statute" because of the Tax Injunction Act.

[70] 28 U.S.C. § 1441(c)(1) ("the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).").

[71] 28 U.S.C. § 1441(c)(2) ("Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.").

[72] *See* 28 U.S.C. § 1367.

Linebarger and UGSL argue this Court has jurisdiction over the claims against them under CAFA. The Court addresses whether CAFA provides an alternative basis for jurisdiction over Plaintiffs' claims against Linebarger and UGSL.

CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."[73] Plaintiffs filed their petition in state court as a class action petition pursuant to Louisiana Code of Civil Procedure Article 591 *et seq.*[74] Such actions are class actions for the purposes of CAFA.[75]

CAFA vests federal district courts with original jurisdiction over class actions in which the amount in controversy exceeds $5 million, the plaintiff class includes more than 100 members, and the class fits one of the following categories:

> (A)　any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B)　any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C)　any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d) includes several statutory exceptions to jurisdiction. At issue in the instant motions are the "governmental entity exclusion," codified at 28 U.S.C. § 1332(d)(5), the "local controversy exception," codified at § 1332(d)(4)(A), and the "home state exception," codified at § 1332(d)(4)(B).

---

[73] 28 U.S.C. § 1332(d)(1)(B).
[74] R. Doc. 1-1 at 6, ¶ XI.
[75] *See In re Katrina Canal Litig. Breaches*, 524 F.3d 700, 705 (5th Cir. 2008) (holding LA. CODE. CIV. P. art. 591(A) is "a state statute that authorizes class actions to be brought by a person" because it "permits members of a class to sue or be sued as representative parties.").

## A.  This case satisfies the requirements of 28 U.S.C. § 1332(d)(2).

Unlike traditional diversity jurisdiction, CAFA requires only minimal diversity.[76] Under CAFA, the minimal diversity requirement is met when any plaintiff is a citizen of a state different from any defendant.[77] Plaintiffs Robert J. Caluda, APLC and New Orleans Private Patrol Service, Inc. n/k/a Gurvich Corporation are corporations that are incorporated in Louisiana and have their principal place of business in Louisiana.[78] Plaintiff Robert J. Caluda, individually, is a citizen of Louisiana.[79]

As a political subdivision, the City is a citizen of Louisiana.[80] UGSL is a citizen of Louisiana because it is organized under the laws of Louisiana and has its principal place of business in Louisiana.[81]

Linebarger is a limited liability partnership organized under Texas law with its principal place of business in Texas.[82] 28 U.S.C. § 1332(d)(10) provides that under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."[83] The term "unincorporated association" has not been clearly defined either by statute or by the Fifth Circuit or Supreme Court, but the Fourth Circuit has held the term refers to "all non-corporate business entities,"[84] including limited liability partnerships.[85] The Court finds

---

[76] 28 U.S.C. § 1332(d)(2).
[77] *Id.* In their motion to remand, Plaintiffs do not argue the minimal diversity requirement is not met. R. Doc. 17-1. However, because the issue bears on this Court's jurisdiction, the Court addresses it *sua sponte.*
[78] R. Doc. 1 at 3, ¶ 10.
[79] *Id.*
[80] *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973).
[81] R. Doc. 1 at 3, ¶ 9.
[82] *Id.* at 2–3, ¶ 8.
[83] 28 U.S.C. § 1332(d)(10).
[84] *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 705 (4th Cir. 2010); *see also Rowell v. Shell Chem. LP*, No. CIV.A. 14-2392, 2015 WL 3505118, at *5–*6 (E.D. La. June 3, 2015) (Barbier, J.) (holding, under CAFA, a general partnership is a citizen of its state of incorporation and principal place of business).
[85] Even if the Fourth Circuit's interpretation is not adopted, it is likely Linebarger is a citizen of Texas. The Court takes judicial notice that Linebarger's headquarters is in Texas and many of its partners work in the Houston office. It is likely that many of them have Texas citizenship.

that Linebarger is a citizen of a different state from Plaintiffs and, as a result, CAFA's minimal diversity requirement is met.

The Court turns to the amount-in-controversy requirement. The burden is on the removing party to establish the amount-in-controversy requirement has been met.[86] Defendants may either provide summary judgment evidence of the amount in controversy, or show from plaintiffs' pleadings it is "facially apparent" CAFA's amount in controversy has been met.[87] In their state court petition, Plaintiffs seek to proceed on behalf of any person or entity who paid the business personal *ad valorem* tax penalty over the two-year period.[88] In their notice of removal, Linebarger and UGSL assert business personal *ad valorem* taxes affected thousands of businesses, and the average cost per affected taxpayer was in the hundreds or thousands of dollars.[89] It is facially apparent the amount-in-controversy requirement has been met.

With respect to the requirement that the plaintiff class includes more than 100 member, the Notice of Removal states "far more" than 100 businesses and persons paid the business personal *ad valorem* tax penalties.[90] The Court finds the putative class exceeds 100 members, and the requirements of § 1332(d)(2) are met.

## B. Plaintiffs have not met their burden of showing the local controversy exception applies.

---

[86] *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).
[87] *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010).
[88] R. Doc. 1-1 at 7–8, ¶ XII.
[89] R. Doc. 1 at 3–4, ¶ 13.
[90] *Id.* at 2, ¶ 6.

Plaintiffs argue the Court must remand this case because the local controversy exception applies. Under the local controversy exception, a district court must decline jurisdiction if the following conditions are met:

> (i)     [the] class action [is one] in which—
> (I)  greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II)     at least 1 defendant is a defendant—
> (aa)  from whom significant relief is sought by members of the plaintiff class;
> (bb)  whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc)  who is a citizen of the State in which the action was originally filed; and
> (III)     principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii)    during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.[91]

"[T]he exception is intended to be narrow, 'with all doubts resolved in favor of exercising jurisdiction over the case.'"[92] The Fifth Circuit has held "the parties moving to remand the class action to state court must prove that the CAFA exceptions to federal jurisdiction divest the district court of subject matter jurisdiction."[93]

In this case, the only remaining local defendant is UGSL. Linebarger and UGSL do not allege principal injuries from the alleged conduct were incurred outside of Louisiana. They also do not assert that, during the three-year period before this suit was filed, any

---

[91] 28 U.S.C. § 1332(d)(4)(A).

[92] *Opelousas Gen. Hosp. Auth. v. FairPay Sols., Inc.,* 655 F.3d 358, 360 (5th Cir. 2011) (citing *Westerfeld v. Independent Processing, LLC,* 621 F.3d 819, 822 (8th Cir. 2010); *Evans v. Walter Indus. Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006)).

[93] *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.,* 485 F.3d 793, 797 (5th Cir. 2007).

other class action was filed asserting similar allegations against Linebarger or UGSL. As a result, to determine whether the local controversy exception applies, the Court determines (1) whether Plaintiffs have established more than two-thirds of the proposed class is composed of Louisiana citizens, (2) whether Plaintiffs seek significant relief from UGSL, and (3) whether Plaintiffs have alleged UGSL's conduct forms a significant basis for their claims.

The Court first determines whether it may look outside the allegations in the petition to determine whether the local controversy exception applies. The Fifth Circuit has not addressed this issue directly.[94] In *Coleman v. Estes Exp. Lines, Inc.*, the Ninth Circuit held that a district court must narrow its inquiry to "what is alleged in the complaint rather than on what may or may not be proved by evidence."[95] The *Coleman* court based its reasoning on the statutory language of the local controversy exception, particularly Congress' use of the phrases "from whom significant relief is *sought*" and "whose *alleged* conduct forms a significant basis for the claims *asserted*."[96] The *Coleman* court also based its reasoning on CAFA's legislative history, which provides for jurisdictional fact finding "not unlike what is necessitated by the existing jurisdictional statutes," but cautions "jurisdictional determinations should be made largely on the basis of readily available information[, and a]llowing substantial, burdensome discovery on jurisdictional issues would be contrary to" Congress' intent in passing CAFA.[97] The Court

---

[94] *See Opelousas*, 655 F.3d 358, 361 (5th Cir. 2011).

[95] 631 F.3d 1010, 1015 (9th Cir. 2011); *see also Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 399 (6th Cir. 2016) ("[A]s the Ninth Circuit has persuasively explained, the statutory reference to 'alleged conduct' means that (in contrast to the citizenship requirement) we look solely to the allegations in the complaint when determining whether the plaintiffs have met this prerequisite to abstention."); *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) ("In removal cases, we begin evaluating jurisdiction by reviewing the allegations in the complaint and in the notice of removal.") (citing *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir.2007)).

[96] 631 F.3d at 1015 (quoting 28 U.S.C. § 1332(d)(4)(A)).

[97] S. REP. No. 109-14, at 44 (2005).

finds persuasive the Ninth Circuit's reasoning in *Coleman* and holds it may consider only the allegations in Plaintiffs' state court petition in determining whether the local controversy exception applies.

      **1.  Plaintiffs have not met their burden of showing two-thirds of the class are citizens of Louisiana.**

For the first element of the local controversy exception, Plaintiffs must show two-thirds of the proposed plaintiffs are citizens of the state in which the action was filed.[98] In this case, the proposed plaintiff class is defined by Plaintiffs only as "all class members similarly situated" to Plaintiffs and "all persons and entities who paid the illegal penalties to the City of New Orleans and/or Linebarger and UGSL."[99] Because the penalties cited by Plaintiffs were imposed on late payments of business personal *ad valorem* taxes, persons or entities with citizenship outside of Louisiana may be included as putative tax members.[100] Cases with far more "intuitive appeal" as to the citizenship of proposed plaintiffs have still faced a burden to prove citizenship of the putative class members.[101] In *Phillips v. Severn Trent Envtl. Servs., Inc.*, the proposed class included only individuals who occupied or resided in a premise in Louisiana in May 2007, two months before the suit was filed in state court.[102] Upon removal, this Court held the plaintiff did not meet his burden of proof because he offered proof only as to the residence and not as to the citizenship of members of the proposed class.[103] In *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, the Fifth Circuit held a submission of evidence which included only

---

[98] *Id.*
[99] R. Doc. 1-1 at 7–8, ¶ XII.
[100] *Id.* at 4, ¶ III.
[101] *Phillips v. Severn Trent Envtl. Servs., Inc.*, No. CIV.A. 07-3889, 2007 WL 2757131, at *3 (E.D. La. Sept. 19, 2007) (Feldman, J.).
[102] *Id.*
[103] *Id.*

addresses of putative class members was "an incomplete picture of the citizenship determination, with no evidence of an intent held by at least two-thirds of the class members to maintain domicile in Louisiana."[104] Ultimately, "plaintiffs must offer more than conclusory statements to prove citizenship at the relevant time period."[105]

As in *Phillips*, Plaintiffs in this case make no allegations as to the citizenship of members of the putative class.[106] In fact, the plaintiffs in *Phillips and Preston* both provided more detail than Plaintiffs in this case.[107] The class definition provided by the plaintiff in Phillips made clear that all class members had lived in Louisiana within two months of the suit being filed.[108] This court found even that information to be insufficient when unaccompanied by proof of citizenship.[109] Likewise, the plaintiff in *Preston* submitted medical records of class members that included their addresses.[110] The Fifth Circuit noted the plaintiffs must present "some modicum of evidence" regarding citizenship and held the plaintiffs failed to prove the citizenship requirement.[111] The evidence presented in *Phillips* and *Preston* was more comprehensive than the information provided by Plaintiffs in this case.[112] Based on the allegations in the state court petition, Plaintiffs in this case have not met their burden of proving two-thirds or more of putative class members are citizens of Louisiana.

### 2. Plaintiffs have not met their burden of showing the proposed plaintiff class seeks significant relief from local defendant UGSL.

---

[104] *Preston*, 485 F.3d at 803.
[105] *Id.*
[106] *See* R. Doc. 1-1.
[107] *Phillips*, 2007 WL 2757131, at *3; *Preston*, 485 F.3d at 803.
[108] *Phillips*, 2007 WL 2757131, at *3.
[109] *Id.*
[110] *Preston*, 485 F.3d at 803.
[111] *Id.*
[112] *See* R. Doc. 1-1.

"A proposed plaintiff class seeks 'significant relief' from a particular defendant when the relief sought from that defendant constitutes a significant portion of the entire relief sought by the class."[113] "[W]hether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment."[114] "CAFA does not specifically provide a definition of 'significant,'"[115] and the courts interpreting this provision have not set forth a numerical benchmark to use to determine whether relief is significant.

In *Phillips*, the court stated that "[t]here are at least two factual situations where courts have found that a defendant is not a 'significant' defendant. The first is when only a small portion of the class members have claims against that particular defendant."[116] The second situation occurs in cases in which "the relief sought (or reasonably expected) from a particular defendant is 'just small change' in comparison to what the class is seeking from the other co-defendants."[117] In *Phillips*, the plaintiffs alleged their tap water was contaminated and sought relief from Plaquemines Parish and from a foreign corporation administering the water system.[118] They alleged Plaquemines Parish had "ultimate oversight and responsibility over the quality of the drinking water."[119] Because

---

[113] *Eckerle v. Northrop Grumman Ship, Sys., Inc.*, No. CIV.A.10-1460, 2010 WL 2651637, at *2 (E.D. La. June 25, 2010) (Lemmon, J.) ("[W]hether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment.") (citing *Evans*, 449 F.3d at 1167).

[114] *Robinson v. Cheetah Transp.*, No. 06-5, 2006 WL 468820, at *3 (W.D. La. Feb.27, 2006).

[115] *Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364, 368 (E.D. La. 2007) (Vance, J.).

[116] *Phillips*, 2007 WL 2757131, at *3 (citing *Escoe v. State Farm Fire & Cas. Co.*, No. CIV.A.07-1123, 2007 WL 1207231 (E.D. La. Apr. 23, 2007)).

[117] *Id.* (citation omitted).

[118] *Id.* at *1.

[119] *Id.*

all of the plaintiffs sought relief from Plaquemines Parish, the court found the case was not one in which only a small portion of the class members have claims against the local defendant. [120] Because the plaintiffs alleged Plaquemines Parish had ultimate responsibility over the quality of the drinking water, the court found the class was seeking more than "just small change" from the local defendant.[121] As a result, the court found the proposed class sought significant relief from Plaquemines Parish.

In this case, all class members have made claims against all Defendants.[122] In the state court petition, Plaintiffs seek "any and all sums obtained through payment by petitioners." [123] However, Plaintiffs do not allege whether out-of-state defendant Linebarger or local defendant UGSL obtained the bulk of the sums paid by the City. Based on the allegations in the state court petition, the Court cannot ascertain whether the relief sought from UGSL is not "small change" in comparison to relief sought against Linebarger. As a result, the Court finds Plaintiffs have not met their burden of showing the proposed class seeks significant relief from local defendant UGSL.

### 3. Plaintiffs have not shown UGSL's conduct forms a significant basis for the claims asserted.

To establish the local controversy exception applies, a plaintiff also must show a local defendant's "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class."[124] This statutory provision "relates the alleged conduct of the local defendant, on one hand, to all the claims asserted in the action, on the other. . . . [I]t requires the alleged conduct to form a significant basis of all the claims asserted."[125] A

---

[120] *Id.* at *3.
[121] *Id.*
[122] R. Doc. 1-1.
[123] *Id.* at 2–3, ¶ VI.
[124] 28 U.S.C. § 1332(d)(A)(i)(II)(bb).
[125] *Opelousas*, 655 F.3d at 361 (quoting *Kaufman*, 561 F.3d 144, 155 (3d Cir. 2009)).

plaintiff need not provide a "definitive analysis of the measure of damages caused by each defendant," but must provide "detailed allegations . . . [concerning] the local defendant's conduct in relation to the out-of-state defendants."[126] The allegations must show whether the local defendant "played a significant role in the alleged [harm], as opposed to a lesser role, or even a minimal role."[127] The Third Circuit has explained this requirement as follows:

> In relating the local defendant's alleged conduct to all the claims asserted in the action, the significant basis provision effectively calls for comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants. Indeed, all the claims asserted by the Plaintiffs reflect the alleged conduct of all the Defendants. If the local defendant's alleged conduct is a significant part of the alleged conduct of all the Defendants, then the significant basis provision is satisfied. Whether this condition is met requires a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants.[128]

In this case, the allegations in the state court petition concerning the conduct of UGSL and Linebarger are not specific enough to show the scope of UGSL's role in the allegations as compared to that of Linebarger. The petition alleges Linebarger and UGSL breached their duties as debt collectors by not registering with the state.[129] Plaintiffs also allege Linebarger and UGSL "acted intentionally, knowingly and in concert in depriving plaintiffs of funds by devices and actions that the defendants knew or should have known were unethical and/or illegal, and were not valid because defendants performed little or no work to obtain those sums[]."[130]

---

[126] *Id.* at 363.
[127] *Evans*, 449 F.3d at 1167.
[128] *Kaufman*, 561 F.3d at 156.
[129] R. Doc. 1-1 at 4, ¶ VI.
[130] *Id.* at 5, ¶ VIII.

In *Opelousas*, a hospital brought a putative class action against three defendants for violations of the Louisiana Racketeering Act: a foreign bill review company, a foreign insurance company, and a local insurance company.[131] The Fifth Circuit found the plaintiff had not alleged the local defendant's conduct formed a significant basis of the claims asserted because "the complaint ma[de] no effort to quantify or even estimate the alleged illegal underpayments made by [the local insurance company] versus those made by" the foreign insurance company.[132] Similarly, Plaintiffs in this case do not sufficiently distinguish between the conduct of UGSL and that of Linebarger in the state court petition. Plaintiffs have not met their burden of showing the local controversy exception applies.

### C. Plaintiffs have not met their burden of showing the home state exception applies.

Plaintiffs argue the Court must remand this case because the home-state exception applies. Under the home state exception, a district court must decline jurisdiction if "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed."[133] "[T]he home state exception applies if all of the primary defendants are citizens" of the state where the action was filed.[134]

Not all primary defendants in this case are citizens of Louisiana. Although UGSL is a Louisiana citizen, Linebarger is a citizen of Texas. The state court petition brings claims against Linebarger and UGSL. Plaintiffs argue the City is a primary defendant, but they do not assert the City is the *only* primary defendant. They have not satisfied their

---

[131] 655 F.3d at 359–60.
[132] *Id.* at 362.
[133] 28 U.S.C. § 1332(d)(4)(B).
[134] *Watson v. City of Allen, Tx.*, 821 F.3d 634, 641 (5th Cir. 2016).

burden of proving Linebarger, a Texas citizen, is not a primary defendant. Moreover, Plaintiffs have not met their burden of showing two-thirds of the putative class are citizens of Louisiana. As a result, the home state exception does not apply.

### D. Plaintiffs have not met their burden of showing the governmental entity exception applies.

Plaintiffs argue the Court must remand this case because the governmental entity exception applies. Under the exception, set forth in 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to cases in which "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." Because the Tax Injunction Act precludes this Court from exercising jurisdiction over the claims asserted against the City, there is no governmental entity remaining and Plaintiffs' argument is moot.

Even if the City were included in the jurisdictional analysis, the exception would not apply. The Fifth Circuit has explained, "The plain text of § 1332(d)(5)(A), using the definite article before the plural nouns, requires that all primary defendants be states. Had Congress desired the opposite, it would have used 'a' and the singular, or no article."[135] The City is a governmental entity, but Linebarger and UGSL are not. As a result, the governmental entity exception does not apply.

The Court has found Plaintiffs' claims against Linebarger and UGSL satisfy the requirements for CAFA jurisdiction and do not fall within the local controversy exception, the home state exception, or the governmental entity exception. CAFA provides an alternative basis for jurisdiction over Plaintiffs' remaining claims.

### CONCLUSION

---

[135] *Frazier v. Pioneer Americas, LLC*, 455 F.3d 542, 546 (5th Cir. 2006).

For the foregoing reasons, **IT IS ORDERED** that the motion to sever and remand, filed by Defendant the City of New Orleans,[136] and Plaintiffs' motion to remand the claims against Defendants Linebarger, Goggan, Blair & Sampson, L.L.P. and United Governmental Services of Louisiana, Inc.,[137] be and hereby are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against the City of New Orleans be and hereby are **SEVERED** and **REMANDED** to the Civil District Court for the Parish of Orleans. Plaintiffs' claims against Defendants Linebarger, Goggan, Blair & Sampson, L.L.P. and United Governmental Services of Louisiana, Inc. will proceed in this Court.

**New Orleans, Louisiana, this 19th day of July, 2019.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[136] R. Doc. 15.
[137] R. Doc. 17.