UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ROBERT J. CALUDA, APLC, ET AL., | CIVIL ACTION |
| Plaintiffs | |
| VERSUS | NO. 19-2497 |
| THE CITY OF NEW ORLEANS, ET AL., | SECTION: "E" (2) |
| Defendants | |

## ORDER AND REASONS

This matter is before the Court on the motion to dismiss filed by Defendants Linebarger, Goggan, Blair & Sampson, L.L.P. ("Linebarger") and United Governmental Services of Louisiana Inc. ("UGSL").[1] Plaintiffs Robert J. Caluda, APLC, and Robert J. Caluda and New Orleans Private Patrol Services, Inc. n/k/a Gurvich Corporation (collectively, "Plaintiffs") oppose the motion.[2] For the reasons that follow, the motion to dismiss is **GRANTED**.

## BACKGROUND

This case relates to *ad valorem* tax penalties on business personal taxes. Plaintiffs are taxpayers who paid business personal *ad valorem* tax penalties[3] under an ordinance first imposed by the City in 1998.[4] The ordinance imposed an initial 3% penalty on the day of delinquency (February 1) and added a 30% penalty if the tax was unpaid by April 1. If the tax remained unpaid after April 1, the City referred the debt to a collection agency.[5] In order to challenge the penalties, taxpayers were required to file payment under protest by June 1 of the year the penalties were imposed.[6] However, because of a

---

[1] R. Doc. 19.
[2] R. Doc. 21.
[3] R. Doc. 36-1.
[4] NEW ORLEANS, LA., CITY CODE, § 150-46 (1998).
[5] R. Doc. 36-1 at 1.
[6] *Id.* at 5.

1

drafting error that included no prescriptive period in the ordinance amended on April 17, 2000, the payment-under-protest requirement did not apply from April 17, 2000 through March 5, 2002.[7]

Delinquent taxpayers filed a class action suit against Linebarger and UGSL in the Civil District Court for the Parish of Orleans on April 1, 2002.[8] That suit led to the Louisiana Supreme Court declaring unconstitutional the tax penalties the ordinance imposed.[9] The class action is still ongoing.[10] On January 18, 2019, the state trial court issued a judgment certifying a class of those who paid real estate *ad valorem* taxes from April 17, 2000 through March 5, 2002.[11] The class certified does not include Plaintiffs in this case because the class is defined as those who paid real estate (immovable) *ad valorem* taxes, as opposed to business personal (movable) property taxes. On May 8, 2019, the Louisiana Court of Appeal for the Fourth Circuit denied a writ seeking review of the judgment defining the class.[12]

On February 15, 2019, while the writ application was pending, Plaintiffs filed the instant putative class action petition against Linebarger and UGSL in the Civil District Court for the Parish of Orleans. Plaintiffs seek certification as a class action on behalf of anyone who paid business personal *ad valorem* tax penalties to the City during the applicable time period.[13]

---

[7] R. Doc. 21-6 at 4.
[8] *Fransen v. City of New Orleans*, No. 2002-5170 (Civ. Dist. Ct. filed Apr. 1, 2002). Plaintiffs attached the petition to the instant motion. R. Doc. 17-2.
[9] *Fransen v. City of New Orleans*, 2008-0076 (La. 7/1/08), 988 So. 2d 225, 242–43.
[10] R. Doc. 20.
[11] R. Doc. 21-6.
[12] R. Doc. 36-4.
[13] *Id.* at 5–6, ¶ XII.

On March 19, 2019, Defendants Linebarger and UGSL removed this matter to this Court under 28 U.S.C. §§ 1441 and 1453.[14] They invoked this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA").[15] Linebarger and UGSL also invoked this Court's jurisdiction under 28 U.S.C. § 1331, claiming the case arises "under the Constitution, laws, or treaties of the United States" and, as a result, removal was proper under 28 U.S.C. § 1441(a).[16] Furthermore, they alleged this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).[17]

The City filed a motion to sever Plaintiff's claims against it from Plaintiff's claims against Linebarger and UGSL and to remand to state court only the claims against the City.[18] Plaintiffs filed a motion to remand the entire case to state court.[19] Linebarger and UGSL opposed Plaintiffs' motion to fully remand.[20] On July 19, 2019, this Court severed the claims against the City and remanded those claims to state court.[21] The Court found it has jurisdiction over Plaintiffs' federal claim against Linebarger and UGSL under the Fair Debt Collection Practices Act ("FDCPA") and over Plaintiffs' state law claims against Linebarger and UGSL.[22]

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle

---

[14] R. Doc. 1. at 2, ¶ 4.
[15] *Id.* at 2, ¶ 5.
[16] *Id.* at 4, ¶¶ 14, 16.
[17] *Id.* at 4, ¶ 16.
[18] R. Doc. 15.
[19] R. Doc. 17.
[20] R. Doc. 20.
[21] R. Doc. 40.
[22] *Id.*

3

him to relief.[23] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] However, the court does not accept as true legal conclusions or mere conclusory statements,[26] and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[27] "[T]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[28]

In summary, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[29] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief."[30] "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[31]

## ANALYSIS

Plaintiffs bring a claim against Linebarger and UGSL seeking money they paid to the City, and the City subsequently paid to Linebarger and UGSL.[32] Plaintiffs argue

---

[23] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[25] *Id.*
[26] *Id.*
[27] *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[28] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[29] *Twombly*, 550 U.S. at 555.
[30] *Id.* (quoting FED. R. CIV. P. 8(a)(2)).
[31] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)).
[32] R. Doc. 1-1 at 4–5, ¶ VI.

Linebarger and UGSL were not authorized by law to engage in collection activities because they did not register as debt collectors with the state.[33] Plaintiffs bring this claim against Linebarger and UGSL under LSA-R.S. § 9:3581 *et seq.* and "applicable federal statutes" existing at the time.[34] Plaintiffs also allege Linebarger and UGSL "acted intentionally, knowingly and in concert in depriving plaintiffs of funds by devices and actions that the defendants knew or should have known were unethical and/or illegal, and were not valid because defendants performed little or no work to obtain those sums[]."[35] The Court first addresses the federal claim, then turns to the state law claims.

## I.  Federal Claim

As the Court explained in its Order and Reasons of July 19, 2019,[36] ruling on the City's motion to sever and remand[37] and Plaintiffs' motion to remand,[38] this Court has federal question jurisdiction over Plaintiffs' federal claim against Linebarger and UGSL, which is brought under the FDCPA.[39] The FDCPA prohibits debt collectors from using "unfair or unconscionable means" to collect payment from debtors.[40] The statute creates no private right of action for any entity other than natural persons.[41] As noted in the legislative history regarding the scope of the act, the FDCPA "applies only to debts contracted by consumers for personal, family, or household purposes; it has no

---

[33] *Id.* at 2, ¶ VI.
[34] *Id.* The Court notes LA. REV. STAT. § 9:3581 *et seq.* is part of the Louisiana Equal Credit Opportunity Law, which governs discrimination in loans or credit extensions and does not apply to this case. In their opposition to a Motion to Dismiss in this matter, Plaintiffs clarify that they intended to cite LA. REV. STAT. § 9:3576 *et seq.*, as it existed during the relevant time period, as the applicable statute. R. Doc. 21 at 5. Regardless of the statute at issue, Plaintiffs' state law claim cannot be the basis of federal question jurisdiction.
[35] *Id.* at 3, ¶ VIII.
[36] R. Doc. 40.
[37] R. Doc. 15.
[38] R. Doc. 17.
[39] R. Doc. 40 at 6–8.
[40] 15 U.S.C. § 1692(f).
[41] *Reyes v. Julia Place Condominiums Homeowners Ass'n Inc.*, No. 12-CV-2043, 2015 WL 4619928, at *1 (E.D. La. July 29, 2015) (Berrigan, J.).

application to the collection of commercial accounts."[42] This Court has held a consumer debt may be held only by a natural person, not by a business or corporation.[43]

In this case, Plaintiffs are business entities, not individual consumers. Plaintiffs seek to recover penalties paid under business personal *ad valorem* taxes—debts that are commercial in nature. As a result, Plaintiffs fail to state a claim under the FDCPA. The Court dismisses the claim Plaintiffs bring under "applicable federal law."

## II. State Law Claims

Plaintiffs state they bring a claim against Linebarger and UGSL under Louisiana Revised Statutes § 9:3581 *et seq.*[44] That section is part of the Louisiana Equal Credit Opportunity Law, which governs discrimination in loans or credit extensions and has no relevance to the facts in this case.[45] In their opposition to the instant motion, Plaintiffs clarify that they intended to cite Louisiana Revised Statutes § 9:3576.1 *et seq.*, not § 9:3581 *et seq.*[46] Louisiana Revised Statutes §§ 9:3576.1–3576.23, repealed in 2003, formed the Collection Agency Regulation Act.[47]

Louisiana Revised Statutes §§ 9:3576.21 and 9:3576.23 both provide, "No private right of action is created by this Part."[48] In the instant motion, Linebarger and UGSL cite these provisions to argue the Collection Agency Regulation Act did not create a private right of action.[49] In their opposition, Plaintiffs argue that, because § 9:3576.22, which prohibits operating a collection agency without a license, does not contain language

---

[42] S. REP. No. 95-382 (1977).
[43] *Reyes*, 2015 WL 4619928, at *4.
[44] *Id.*
[45] LA. REV. STAT. § 9:3581.
[46] R. Doc. 21 at 5.
[47] LA. REV. STAT. § 9:3576.1 (1993), *repealed* by Act No. 638, § 1, 2003 La. Acts 2301, 2301.
[48] LA. REV. STAT. §§ 9:3576.21(N) (1993), *repealed* by Act No. 638; 3576.23(C) (1993) *repealed* by Act No. 638.
[49] R. Doc. 19-1 at 6.

6

stating there is no private right of action, §§ 9:3576.21 and 3576.23, which provide there is no private right of action, do not apply to actions brought under § 9:3576.22.[50] Plaintiffs further argue the absence of language clarifying that no private right of action is created shows a legislative intent to create a private right of action under § 9:3576.22.[51]

The Revised Statutes unambiguously provide that the Collection Agency Regulation Act *collectively* forms *Part* XVIII of Louisiana Revised Statutes, Book III, Title XII, Chapter 2. Any mention in the statutory text of a "Part" refers to the entirety of the Collection Agency Regulation Act, spanning from § 9:3576.1 to § 9:3576.23.[52] This is consistent with the language of the Collection Agency Regulation Act, which distinguishes Parts and Section. For instance, § 9:3576.6 refers to both "this Part" and "this Section."[53] The two terms are not used interchangeably. The provision in §§ 9:3576.21 and 9:3576.23 that "[n]o private right of action is created by this Part,"[54] applies to the entirety of the Collection Agency Regulation Act. Moreover, the legislative history accompanying the Collection Agency Regulation Act states that the Act "[s]pecifies that no private right of action is created by [the] new law."[55] In the same document, "new law" is used to refer to the entire Collection Agency Regulation Act.[56] Plaintiffs have no private right of action under the Collection Agency Regulation Act. As a result, the Court dismisses Plaintiffs' claim under the Collection Agency Regulation Act.

---

[50] R. Doc. 21 at 6–8.
[51] *Id.* at 7–8.
[52] *Id.*
[53] LA. REV. STAT. § 9:3576.6 (1993), *repealed* by Act No. 638.
[54] LA. REV. STAT. §§ 9:3576.21(N) (1993), *repealed* by Act No. 638; 3576.23(C), (1993), *repealed* by Act No. 638.
[55] Resume Digest, H.B. 1078, 1993 Reg. Sess. (La. 1993) (emphasis in original). The digests are prepared by the House Legislature Service, and are not considered a part of the legislative instrument. Nevertheless, like committee minutes, they provide insight into the intent of the legislature in adopting the legislature. *See Holley v. Tate & Lyle*, 2000-2234 (La. App. 4 Cir. 8/15/01), 797 So. 2d 94, 101, *writ denied*, 2001-2575 (La. 12/14/01), 804 So. 2d 646, and *writ denied*, 2001-2581 (La. 12/14/01), 804 So. 2d 647.
[56] *Id.* (emphasis in original).

Plaintiffs also allege the money Linebarger and UGSL received in legal fees funded by penalty payments were invalid because they "performed little or no work" in the debt collection process.[57] Plaintiff appear to bring a claim for breach of contract against Linebarger and UGSL. In *Brookewood Invs. Co., L.L.C. v. Sixty-Three Twenty-Four Chef Menteur Hwy.*, the plaintiff alleged a defendant law firm's legal fees for collecting delinquent *ad valorem* taxes were excessive and unreasonable in relation to the amount of work performed by the firm.[58] The Louisiana Fourth Circuit Court of Appeal held the plaintiff had no cause of action against the reasonableness of a law firm fee charged under a contract to which it was not a party.[59] In this case, Plaintiffs not alleged they were parties to the contract the City entered with Linebarger and UGSL. As a result, to the extent Plaintiffs challenge the reasonableness of fees charged by Linebarger and UGSL, the Court dismisses their claim.[60]

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss, filed by Defendants Linebarger, Goggan, Blair & Sampson, L.L.P. and United Governmental Services of Louisiana, Inc. pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure be and hereby is **GRANTED**.[61] Plaintiffs' claims against Defendants Linebarger, Goggan, Blair & Sampson, L.L.P. and United Governmental Services of Louisiana, Inc. are **DISMISSED WITH PREJUDICE**.

---

[57] R. Doc. 1-1 at 5, ¶ VIII.
[58] *Brookewood Invs. Co. v. Sixty-Three Twenty-Four Chef Menteur Highway, L.L.C.*, 2007-0050 (La. App. 4 Cir. 5/16/07), 958 So. 2d 1200, 1202, *writ denied*, 2007-1258 (La. 10/26/07), 966 So. 2d 575.
[59] *Id.*
[60] Because Plaintiffs have failed to cite a statute under which they would have a viable cause of action, the Court finds amendment of Plaintiffs' petition would be futile. The Court does not grant Plaintiffs leave to amend their petition.
[61] R. Doc. 19.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for class certification be and hereby is **DENIED AS MOOT**.[62]

**New Orleans, Louisiana, this 19th day of July, 2019.**

                                             _____
                                              **SUSIE MORGAN**
                                     **UNITED STATES DISTRICT JUDGE**

---

[62] R. Doc. 34.